IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Morgan Gregory Robinson, Jr., | ) |
| | ) C.A. No. 8:19-2838-HMH-JDA |
| Petitioner, | ) |
| | ) **OPINION & ORDER** |
| vs. | ) |
| | ) |
| A.W. Vereen, *Warden at FCI Edgefield*, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Morgan Gregory Robinson, Jr. ("Robinson"), a pro se federal prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation filed on October 31, 2019, Magistrate Judge Austin recommends dismissing Robinson's petition without prejudice and without requiring the Respondent to file an answer or return due to lack of jurisdiction. (R&R, ECF No. 10.)

Robinson filed a motion to transfer to cure want of jurisdiction, pursuant to 28 U.S.C. § 1631. (Mot. to Transfer, ECF No. 14.) The court will construe this motion as an objection to the Report and Recommendation. Objections to the Report and Recommendation must be

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Robinson's objections are nonspecific, unrelated to the dispositive portions of the Report, or merely restate his claims. However, the court was able to glean one specific objection. Relying on 28 U.S.C. § 1631, Robinson requests that the court transfer his "[§] 2241 petition to its proper jurisdiction . . . [s]o that he can receive an adjudication of his claim on the merits." (Mot. to Transfer 1, ECF No. 14.) If an inmate files a § 2241 petition in an improper jurisdiction, the court may transfer the petition to the jurisdiction in which the petition could have been brought "if it is in the interest of justice[.]" See 28 U.S.C. § 1631.

Subject matter jurisdiction for § 2241 petitions requires satisfaction of the savings clause test. See United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018) (holding "that the savings clause is a jurisdictional provision"); Perez-Colon v. O'Brien, No. 16-7446, No. 16-7756, 747 Fed. App'x 167 (4th Cir. Jan. 8, 2019) (unpublished) (finding that a failure to satisfy the savings clause test of 28 U.S.C. § 2255(e) results in a lack of subject matter jurisdiction). Thus, in this case, no court has subject matter jurisdiction unless the savings clause is satisfied. As the magistrate judge noted, Robinson has failed to satisfy the savings clause test. After a thorough review, the court adopts Magistrate Judge Austin's Report and Recommendation and

incorporates it herein.  Consequently, the court lacks subject matter jurisdiction and cannot consider Robinson's § 2241 petition on the merits.  Further, transfer is not warranted because no court has subject matter jurisdiction.

Therefore, it is

**ORDERED** that Robinson's petition, docket number 1, is dismissed without prejudice and without requiring the Respondent to file an answer or return.  It is further

**ORDERED** that Robinson's motion to transfer, docket number 14, is denied.  It is further

**ORDERED** that a certificate of appealability is denied because Robinson has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
December 12, 2019

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure

---

[2] District courts must issue certificates of appealability when entering "a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Cases.  These rules may be applied to other types of habeas corpus petitions.  Rule 1(b), Rules Governing § 2254 Cases.